## RCPI Landmark Props., L.L.C. v Romona Keveza Collection LLC

2024 NY Slip Op 33046(U)

August 29, 2024

Supreme Court, New York County

Docket Number: Index No. 152621/2022

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                    PART                    47

*Justice*

-----------------------------------------------------------------------X

RCPI LANDMARK PROPERTIES, L.L.C.,

                        Plaintiff,

                - v -

ROMONA KEVEZA COLLECTION LLC, ROMONA KEVEZA

                        Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152621/2022 |
| MOTION DATE | 04/15/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 160, 161, 162, 163, 165

were read on this motion to/for                    REARGUMENT/RECONSIDERATION            .

In this commercial landlord-tenant action for unpaid rent and use and occupancy (U&O) payments, plaintiff-landlord moves pursuant to CPLR § 2221(d) to reargue its motion which sought dismissal of defendants' affirmative defenses and counterclaims, a declaration as to the termination of the lease, a judgment of ejectment, an award for unpaid rent and U&O, and related damages.

## BACKGROUND

In Mot. Seq. No. 3, plaintiff sought, *inter alia*, summary judgment on its claims for unpaid rent and U&O totaling $1,776,799.61 against defendants Romona Keveza Collection LLC (the tenant) and Romona Keveza (the guarantor), with the guarantor's liability constituting $910,987.99 of that total (MS #3, NYSCEF Doc No 51). By decision and order dated February 26, 2024 (MS #3, NYSCEF Doc No 108), plaintiff's motion was granted to the extent that plaintiff was entitled to the following:

152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC
ET AL
Motion No.  004

Page 1 of 5

[* 1]

| A | Unpaid deferred rent (Feb. 2020 – Dec. 2021) | $609,722.99 |
|---|---|---|
| B | Unpaid U&O (Apr. 2022 – Sept. 2022) | $160,875.00 |
| C | Unpaid U&O (Oct. 2022 – Jan. 2024) | $241,312.50 |
| | **TOTAL** | **$1,011,910.49**[1] |

That part of plaintiff's motion seeking summary judgment on its breach of contract claim against the guarantor and seeking to dismiss the guarantor's affirmative defenses pursuant to NYC Admin Law § 22-1005 (the guaranty law) was denied.

Plaintiff now moves for reargument, arguing that: (i) the calculation of damages was incorrect and plaintiff is entitled to the full amount it sought in its prior motion ($1,776,799.61); and (ii) the guarantor is not protected by the guaranty law because the underlying lease was for an office space and the damages sought accrued after the sunset of the guaranty law (MS #4, NYSCEF Doc No 158). Defendants oppose, arguing that: (i) the calculation of damages was correct; and (ii) the guarantor is protected by the guaranty law because the tenant is a retail establishment that was subject to in-person limitations during the COVID-19 pandemic and the guarantor became personally liable within the applicable guaranty law period (NYSCEF Doc No 160).

## DISCUSSION

Plaintiff is correct that the court misapprehended plaintiff's calculation of the amounts it sought on its prior motion. The judgment damages calculation submitted by plaintiff (NYSCEF Doc No 71) sets forth the amounts it charged the tenant, and defendants failed to challenge or dispute those charges. The court mistook the total sought as the *sum* of the guarantor's liability limit and the tenant's unpaid rent and use and occupancy, whereas plaintiff sought $1,776,799.61

---

[1] In the body of the decision, the court determined that the tenant was owed "the entirety of the unpaid balance of deferred rent" (amount A) in addition to unpaid use and occupancy (amounts B and C) (*id.*, p. 5). However, it mistakenly omitted amount A in its calculation of the money judgment total in the decision's conclusion (*id.*, p. 11 [awarding $402,187.50 in unpaid use and occupancy, i.e., only amounts B and C]). The court thus intended to award a total of $1,011,910.49.

**152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC          Page 2 of 5
ET AL
Motion No.  004**

[* 2]

based on the tenant's unpaid rent and use and occupancy, with the guarantor's liability constituting $910,987.99 of that total. Accordingly, plaintiff's motion to reargue is granted and, upon reargument, plaintiff will recover a total of $1,776,799.61 from defendant tenant.

However, the guarantor's liability limit is still capped at $301,125. Pursuant to the original guaranty agreement, the guarantor's "Obligations" included guaranteeing the tenant's payment of rent, performance of its other obligations under the lease, and payment of damages arising from holding over (NYSCEF Doc No 128 § 2). Importantly, "the liability of the Guarantor under this Guaranty [is] limited in amount to $301,125.00" (*id.* § 24). The amendment and ratification of the guaranty (the amended guaranty) later provided that "the obligation of Tenant to pay all unpaid Deferred Rent (as defined in the Agreement) shall be deemed to be part of the Obligations (as defined in the Guaranty)" (NYSCEF Doc No 129). Thus, the amended agreement added the obligation to pay the deferred rent to the existing obligations under the lease and guaranty; its language did not, however, increase the guarantor's liability limit to include the entirety of the deferred rent amount (*id.*). Therefore, the guarantor's liability limit remained $301,125.

In any event, plaintiff has failed to demonstrate that the guarantor is not protected under the guaranty law. Though the tenant operated as "general offices," it was also used as a showroom "for the display and sale of [] merchandise" (NYSCEF Doc No 126). Therefore, it may be considered "a non-essential retail establishment subject to in-person limitations" imposed by Executive Order 202.6 (NYC Admin Law § 22-1005) (*389 Assoc. v Isabella's Jewels, Inc.*, 2023 NY Slip Op 34305[U], *3 [NY Co 2023] ["the defendants' business, which operated as 'offices and showrooms' . . . in the retail establishment sector is classified as a nonessential business" covered by the guaranty law]). Additionally, while plaintiff argues that the default did

**152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC      Page 3 of 5
ET AL
Motion No.  004**

[* 3]

3 of 5

not occur until the tenant failed to make the first payments due under the rent deferral agreement in 2022 (whereas the guaranty law covers defaults occurring between March 7, 2020 and June 30, 2021), the tenant appears to have already defaulted on payments during the applicable guaranty law period, which led the parties to execute the deferral agreement in the first place. Thus, the tenant's failure to pay rent in 2020 may be deemed the "default or other event causing [the guarantor] to become wholly or partially personally liable" (NYC Admin Law § 22-1005). Moreover, removing the protections of the guaranty law simply because the parties agreed to a deferment would be counter to its public policy goals; the law was implemented precisely to protect people like defendant Romona Keveza from becoming personally liable for commercial rent payments due to government-mandated business closures during COVID-19 (NYC Admin Law § 22-1005, Declaration of legislative intent and findings [while businesses may be able to weather the economic hardships attendant to COVID-19, "individual owners and other natural persons who personally guarantee the financial obligations of these businesses face a different and more substantial risk than losing revenue and profit. They risk losing their personal assets, including their possessions and even their own homes, transforming a business loss into a devastating personal loss."]). Therefore, that part of plaintiff's motion seeking summary judgment on its breach of contract claim as against the guarantor and dismissal of the guarantor's affirmative defenses pursuant to the guaranty law was properly denied.

**CONCLUSION**

Based on the foregoing, it is

ORDERED that plaintiff's motion for reargument is granted; and it is further

ORDERED that, upon reargument, plaintiff's request for an award of $1,776,799.61 in unpaid rent and use and occupancy is granted; and it is further

**152621/2022   RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC**    **Page 4 of 5**
**ET AL**
**Motion No.  004**

[* 4]

4 of 5

ADJUDGED that plaintiff is awarded a money judgment against tenant in the amount of $1,776,799.61; and it is further

ORDERED that the remaining directives of the decision and order dated February 26, 2024 (NYSCEF Doc No 108) remain in full force and effect.

20240829171622PGOETZ1361074D606E042D1A9130A2FC228B67E

| 8/29/2024 | | | | | PAUL A. GOETZ, J.S.C. | |
|-----------|---|---|---|---|----------------------|---|
| DATE | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**152621/2022  RCPI LANDMARK PROPERTIES, L.L.C. vs. ROMONA KEVEZA COLLECTION LLC ET AL**
**Motion No.  004**

Page 5 of 5

5 of 5

[* 5]